[Docket No. 40]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| UZMA SHAFQAT,<br><br>                    Petitioner,<br><br>      v.<br><br>SHAFQAT MAHMOOD MALIK, et al.,<br><br>                    Respondents. | Civil No. 15-7645 (RMB/JS)<br><br>OPINION |

This matter is before the Court on the Motion for Pro Bono Counsel ("Motion") [Docket No. 40] filed by pro se Respondents Shafqat Mahmood Malik, Saiqa Yusuf and Qaiser Mahmood Malik (the "Respondents"). The Court exercises its discretion to decide Respondents' Motion without oral argument. See Fed.R.Civ.P. 78; L.Civ.R. 78.1. For the reasons to be discussed, Respondents Motion is GRANTED, in part, and DENIED, in part.

I.   Background

Respondents seek the appointment of counsel to represent them in this civil action involving the abduction and concealment of the two minor children, M.A. and M.E., of Uzma Shafqat (the "Petitioner") and Respondent Shafqat Mahmood Malik. Petitioner claims that the abduction and concealment of the two minor children began on October 3, 2013, when Respondent Shafqat

1

Mahmood Malik abducted the two minor children to Pakistan, while Petitioner was in the hospital in London immediately after giving birth to their newborn daughter.  Petitioner further claims that Respondent Shafqat Mahmood Malik was assisted by Respondent Saiqa Yusuf (the "Paternal Aunt").  Petitioner contends that the Paternal Aunt traveled with Respondent Shafqat Mahmood Malik and the two minor children to Pakistan, and kept the two minor children with her in Pakistan after Respondent Shafqat Mahmood Malik returned to London.

Petitioner pursued relief in the High Court of Justice of England and Wales (the "High Court") in February of 2014.  On September 5, 2014, after learning that Respondent Shafqat Mahmood Malik had returned to the United Kingdom, Petitioner filed an emergency request for ex parte relief with the High Court.  The High Court issued an ex parte initial order requiring Respondent Shafqat Mahmood Malik to return the two minor children immediately from Pakistan to the United Kingdom, prohibiting the two minor children from being removed from the United Kingdom once returned.

On October 31, 2014, the High Court entered a final order finding that the two minor children had been removed from the United Kingdom by Respondent Shafqat Mahmood Malik without Petitioner's knowledge or consent on October 4, 2013, and that the two minor children were habitual residents in the United

2

Kingdom at the time of removal.  Further, the High Court found that Respondent Shafqat Mahmood Malik had "repeatedly failed to comply with orders of th[e] Court by failing to attend Court hearings and has demonstrated a skillful avoidance of co-operation with the process."  The High Court therefore ordered Respondent Shafqat Mahmood Malik to cause the return of the two minor children to England and Wales and that, once returned, the two minor children were not to be removed from the jurisdiction of England and Wales.  Moreover, the High Court prohibited Respondent Shafqat Mahmood Malik from leaving the jurisdiction of England and Wales.

Petitioner claims that, in November or December of 2014, Respondent Shafqat Mahmood Malik brought the two minor children to Watervliet, New York, with the assistance of the Paternal Aunt and Respondent Qaiser Mahmood Malik, an uncle.  Petitioner avers that in or about October 2015, Respondents then brought the two minor children to Blackwood, New Jersey.

This Court has jurisdiction over Petitioner's wrongful removal and retention claim. <u>See</u> Hague Convention, Art. 16, reprinted in 51 Fed. Reg. 10,495, at 10,500; 42 U.S.C. § 1160(b)(4).  The focus of this Court's inquiry is not as it typically is in a state custody case; rather it is the specific claims and defenses under the Convention, namely whether a child has been wrongfully removed to, or retained in, a country

3

different from the child's habitual residence and, if so, whether any of the Convention's defenses apply to bar the child's return to his habitual residence.  Hazbun Escaf v. Rodriquez, 200 F.Supp. 2d 603, 610-11 (E.D. Va. 2002), aff'd sub nom. Escaf v. Rodriguez, 52 Fed. Appx. 207 (4th Cir. 2002).

On October 28, 2015, this Court, upon Petitioners' petition, as supplemented, entered an Order directing the United States Marshal to take physical custody of the two minor children currently held in the custody of Respondents.  The two minor children were brought to the Courtroom on October 29, 2015, after Petitioner had arrived from London and met her two minor children at their school.  The Court issued temporary custody to Petitioner.  The Court also set the matter down for a hearing the next day, October 30, 2015.

The next day, the Court held a hearing where all Respondents appeared.  Thereafter, the Court issued an Order, in relevant part (1) granting temporary custody of the two minor children to Petitioner and (2) setting this matter down for a merits hearing pursuant to 42 U.S.C. § 11601 et seq.

II.  Legal Standard

Motions for the appointment of legal counsel are governed by 28 U.S.C. § 1915(e).  Under this statute a court may request that an attorney represent an indigent plaintiff in a civil action. The statute provides that:

4

> (1) [t]he court may request an attorney to represent any person unable to afford counsel. (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--(A) the allegation of poverty is untrue; or (B) the action or appeal--(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

District Courts have broad discretion to request counsel for indigent pro se litigants, but such appointment is a privilege, not a statutory or constitutional right of the litigant. Brightwell v. Lehman, 637 F.3d 187, 192 (3d Cir. 2011) (citation omitted); Montgomery v. Pinchak, 294 F.2d 492, 498 (3d Cir. 2002).

The Court has analyzed the following factors:

> (1) the plaintiff's ability to present his or her own case;
> (2) the complexity of the legal issues;
> (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation;
> (4) the amount a case is likely to turn on credibility determinations;
> (5) whether the case will require the testimony of expert witnesses;
> (6) whether the plaintiff can attain and afford counsel on his own behalf.

Parham v. Johnson, 126 F.3d 454, 457 (3d Cir. 1997) (citing Tabron, 6 F.3d at 155-56, 157 n.5).  The Court determines that the appointment of pro bono counsel for Respondent Shafqat

Mahmood Malik only is warranted.

The first factor requires courts to evaluate whether the litigant is capable of presenting his or her own case. Montgomery, 294 F.3d at 501. This factor weighs against the appointment of counsel where the litigant has the ability to pursue his or her own case. See Gordon v. Gonzalez, 232 Fed. Appx. 153, 157 (3d Cir. 2007). A litigant's ability to present his or her own case should be measured through an evaluation of their literacy, education, ability to understand English, prior work experience, and prior litigation experience. Tabron, 6 F.3d at 156. In Montgomery, the Third Circuit characterized this factor as "[p]erhaps the most significant of Tabron's post-threshold factors." 294 F.3d at 501. Based upon the Court's initial encounter with Respondents, the Court questions their ability to fully present their own cases. English is not their native language. While the Court was able to communicate with the Respondents, there was a legitimate language barrier. As such, the first Tabron/Parham factor weighs in favor of the appointment of counsel.

The second factor for consideration is the complexity of the legal issues presented. A court should be more inclined to appoint counsel when the legal issues are complex. See Tabron, 6 F.3d at 156 ("[W]here the law is not clear, it will often best serve the ends of justice to have both sides of a difficult

6

legal issue presented by those trained in legal analysis.") (quoting Maclin v. Freake, 650 F.2d 885, 889 (7th Cir. 1981)). Here, the case involves legal questions of varying complexity. Initially, the Court notes that it is unclear why Respondents Saiqa Yusuf and Qaiser Mahmood Malik remain parties in this action. While they, prior to this action, initially shared a home with the two minor children, they do not appear to assert or possess a legal right to retain custody. To the extent these two Respondents must remain parties because they were parties to the proceeding in the United Kingdom, their lack of any substantive involvement in the alleged wrongful retention apart from co-habitating with Respondent Shafqat Mahmood Malik, the father of the two minor children, renders their legal issues much less complex. On the other hand, Respondent Shafqat Mahmood Malik may have legitimate defenses to a claim of wrongful retention of his children. Litigation of those claims will require navigation of New Jersey, federal and international law on an abbreviated schedule. Therefore, the second Tabron/Parham factor weighs in favor of the appointment of counsel for Respondent Shafqat Mahmood Malik only.[1]

The third Tabron/Parham factor is the expected difficulty of any factual investigation the case requires, and the

---

[1] Indeed, the nature of their legal issues may be such that counsel for Respondent Shafqat Mahmood Malik may be able to represent the remaining two Respondents without conflict.

7

litigant's ability to conduct such investigation. Tabron, 6 F.3d at 156. Where the involved claims likely require extensive discovery and adherence to complex discovery rules, this factor may weigh in favor of appointing pro bono counsel. Here, the operative facts regarding the custody and status of the two minor children are largely within the knowledge of the Respondents and will not require extensive discovery to learn. Accordingly, the Court finds the third Tabron/Parham factor weighs against the appointment of counsel.

The fourth factor considers whether credibility is the central issue in the case. Dippolito v. U.S., C.A. No. 13-175 (RBK/JS), 2015 WL 1104813 at *3 (D.N.J. Mar. 11, 2015. At this time, the Court believes the proceeding, particularly as to Respondent Shafqat Mahmood Malik, may involve an evaluation of his credibility, particularly as he may argue he is entitled to any pertinent affirmative defense. Therefore, the Court finds that the fourth Tabron/Parham factor weights in favor of appointing counsel for Respondent Shafqat Mahmood Malik.

The fifth factor for consideration is the extent to which expert testimony may be required. Where a case will require testimony from expert witnesses, the appointment of counsel may be warranted. Tabron, 6 F.3d at 156. However, the Third Circuit clarified that the need for expert testimony does not merit the appointment of counsel in every case. See Lasko v.

Watts, 373 Fed. Appx. 196, 202 (3d Cir. 2010).  Respondents have not indicated that they will require expert testimony and the Court sees no need for an expert at this time.  Thus, the Court finds that the fifth Tabron/Parham factor weighs against the appointment of counsel.

The final factor addressed by the Third Circuit in Tabron and Parham is whether the litigant is capable of retaining counsel.  Parham, 126 F.3d at 461.  In their motion, Respondents assert that "they are either jobless or low income." This assertion is directly contradicted by what was represented to the Court at the October 30, 2015, where Respondent Qaiser Mahmood Malik asserted he works long days.  In any event, given the urgency of this matter, the Court finds that Respondents may not have sufficient time and resources to allow an attorney to fully invest himself or herself into this matter.  As a result, the Court finds that the sixth Tabron/Parham factor weighs in favor of the appointment of counsel, particularly with regard to Respondent Shafqat Mahmood Malik.

III. Conclusion

Because most Tabron/Parham factors weigh in favor of the appointment of counsel, the Court grants Respondent Shafqat Mahmood Malik's Motion only.  Respondents Qaiser Mahmood Malik and Saiqa Yusuf's Motion for appointment of counsel is denied without prejudice until certain issues may be resolved, to wit,

whether they will remain as parties to this action and, if so, whether counsel for Respondent Shafqat Mahmood Malik may also represent them.

s/Renée Marie Bumb
RENÉE MARIE BUMB
United States District Judge